11-1252-ag
Morales-Santana v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand thirteen.

PRESENT: RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
    *Circuit Judges,*
JED S. RAKOFF,[*]
    *District Judge.*

-------------------------------------------------------------------

LUIS RAMON MORALES-SANTANA, aka Luis Morales

    *Petitioner,*

    v.                No. 11-1252-ag

ERIC H. HOLDER, JR., United States Attorney General,

    *Respondent.*

-------------------------------------------------------------------

FOR PETITIONER:  STEPHEN A. BROOME, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY.

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

CERTIFIED COPY ISSUED ON 07/16/2013

| | | |
|---|---|---|
| FOR RESPONDENT: | IMRAN RAZA ZAIDI, Trial Attorney (Kathryn M. McKinney, Attorney, Stephen J. Flynn, Assistant Director, and Stuart Delery, Acting Assistant Attorney General, on the brief), Civil Division, U.S. Department of Justice, Washington, DC. | |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the proceedings are TRANSFERRED to the United States District Court for the Western District of New York to determine whether petitioner's father would satisfy the one-year continuous presence requirement of 8 U.S.C. § 1409(c), were it applicable to him.

Petitioner Luis Ramon Morales-Santana seeks review of the March 3, 2011 decision of the BIA denying his motion to reopen. In re Luis Ramon Morales-Santana, No. A034 200 190 (B.I.A. Mar. 3, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case, to which we refer only as necessary to explain our decision.

Morales-Santana argues that he is not removable because he is a United States citizen, having derived citizenship from his father. Morales-Santana's father was born in Puerto Rico on March 19, 1900, and presumably acquired United States citizenship in 1917 pursuant to the Jones Act of 1917, 39 Stat. 951 (codified at 8 U.S.C. § 1402). Morales v. Holder, 351 F. App'x 554, 556 (2d Cir. 2009). However, to determine whether he transmitted his citizenship to Morales-Santana, we apply the law of derivative citizenship at the time Morales-Santana was born, in 1962. See Ashton v. Gonzales, 431 F.3d 95, 97 (2d Cir. 2005) (applying the law in effect at the time the last requirement for derivative citizenship is fulfilled). The law then in effect requires that the citizen father of a child born abroad be physically present in the United States or one of its outlying possessions for a period of ten years prior to the child's birth, five of which must be after the parent's fourteenth birthday. See 82 Pub. L. No. 414, § 301(a)(7) (codified at 8

U.S.C. § 1401(a)(7)(1952)).  However, unwed citizen mothers need only have been physically present in the United States or one of its outlying possessions for "a continuous period of one year" in order to transmit citizenship to their children.  See id. § 309(c) (codified at 8 U.S.C. § 1409(c)(1952)).

As relevant here, Morales-Santana argues that the difference in the requirements for unwed citizen mothers and citizen fathers violates the Equal Protection clause of the Fifth Amendment.  He asks us to remedy this alleged constitutional violation by extending the one-year continuous physical presence requirement to unmarried citizen fathers, and argues that his father would satisfy this requirement, even if he does not fulfill the more stringent requirement applicable to fathers.

Nothing in the record definitively answers the question whether Morales-Santana's father would satisfy the one-year continuous presence requirement of 8 U.S.C. § 1409(c).  Title 8, Section 1252(b)(5)(B) provides:

> If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of title 28.

Because there is a question as to whether Morales-Santana's father would satisfy the one-year continuous presence requirement applicable to unwed mothers that he seeks as a remedy, and in order to avoid reaching a constitutional question that might not prove determinative of Morales-Santana's claim, pursuant to 8 U.S.C. § 1252(b)(5)(B), we TRANSFER the proceedings to the United States District Court for the Western District of New York, where Morales-Santana currently resides, to resolve the following questions: Whether Morales-Santana's father had the nationality of the United States at the time of Morales-Santana's birth, and whether Morales-Santana's father had been

physically present in the United States or one of its outlying possessions for a continuous period of one year prior to Morales-Santana's birth.

Pursuant to the procedure outlined in United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994), the parties are to inform the Clerk of the Court by letter within fourteen days of the District Court's decision if either side wishes to continue this appeal. After jurisdiction is restored, this panel will resume consideration of the case.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

*Catherine O'Hagan Wolfe* [signature]

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit
*Catherine O'Hagan Wolfe* [signature]